# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LOYD ANTHONY WILLIS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.: CV215-093

(Case No. CR210-61)

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Movant Loyd Willis ("Willis"), who is currently housed at the Federal Correctional Institution-Williamsburg in Salters, South Carolina, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court. Respondent filed a Response, and Willis filed a Reply. For the reasons which follow, Willis' Section 2255 motion should be **DENIED**. Willis also filed a Rule 60(b)(3) Motion, which should also be **DENIED**. Willis has also filed a Motion for Appointment of Counsel, which is **DENIED**.[1] (Doc. No. 3).

---

[1] 18 U.S.C. § 3006A(a)(2) provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Accordingly, the court may appoint counsel for this indigent federal *habeas corpus* petitioner only if the interest of due process or justice so require. Schultz vs. Wainwright, 701 F.2d 900 (11th Cir. 1983). Hooks vs. Wainwright, 775 F.2d 1433 (11th Cir. 1985). It does not appear that the interests of due process or justice require that Willis be afforded counsel, and it does not appear that an evidentiary hearing will be required. Should it become apparent later in these proceedings that an evidentiary hearing is required, or that the interests of due process or justice so require, then counsel shall be appointed for Willis.

## STATEMENT OF THE CASE

Willis was convicted in this Court, after entry of a guilty plea, of unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and distribution of controlled substances within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(1)(1) and 860. J., United States v. Willis, 2:10-cr-61 (S.D. Ga. Nov. 29, 2011), ECF No. 130. The Honorable Lisa Godbey Wood sentenced Willis to 188 months' imprisonment, which was comprised of a concurrent terms of 60 months on the unlicensed dealing count, 120 months on the felon-in-possession count, and 188 months on the distribution count. Id. Willis did not file a direct appeal.

On January 22, 2015, United States Attorney Edward J. Tarver disclosed to the Court information regarding an "improper relationship" between Assistant United States Attorney ("AUSA") Cameron Ippolito and ATF Special Agent Lou Valoze. In Re: Ippolito & Valoze, 2015 WL 424522, at *1 (S.D. Ga. Jan. 30, 2015). The Court ordered that the United States Attorney "submit a list of all cases . . . in which AUSA Ippolito and Agent Valoze collaborated." Id. Willis' prosecution was listed as one of these cases. Resp., In Re: Ippolito & Valoze, 2:15-mc-2 (S.D Ga. Feb. 11, 2015), ECF No. 4-1, p. 20.

In this Motion, Willis asserts the conduct of Ippolito and Valoze undermines the confidence in the outcome of the criminal proceedings against him. (Doc. 1, p. 3). Willis contends he became aware of the relationship between Ippolito and Valoze on February 25, 2015, when he received a letter to this effect from his attorney. Willis contends Ippolito manipulated his sentence by begging for additional buys. Willis

AO 72A
(Rev. 8/82)

asserts he did not enter into his plea knowingly and intelligently, and counsel is grossly negligent for not challenging this sentence. (Id. at p. 6).

Respondent contends the majority of Willis' motion is untimely. To the extent Willis claims entitlement to relief based on the Government's disclosure of the relationship between Ippolito and Valoze, the prosecutor and federal agent involved in the prosecution of his case, Respondent contends Willis is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Whether Willis' Motion is Timely

To determine whether Willis' Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f).[2] This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

---

[2] While Willis does not claim entitlement to any statute of limitations period other than 2255(f)(4), it is important to discuss the statute of limitations of Sections 2255(f)(1)–(3).

3

### A. Sections 2255(f)(1)–(3)

Willis' Change of Plea hearing occurred on March 23, 2011, and he was sentenced on November 29, 2011, to 188 months' imprisonment. Min. Entries, United States of America v. Willis, 2:10-cr-61 (S.D. Ga. Mar. 23, 2011, 2010, and Nov. 29, 2011), ECF Nos. 98, 129. Chief Judge Wood entered judgment in this case on November 29, 2011. J., United States of America v. Willis, 2:10-cr-61 (S.D. Ga. Nov. 29, 2011), ECF No. 130. Willis had fourteen (14) days, or December 13, 2011, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Willis did not file an appeal, he had until December 13, 2012, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Willis did not execute his § 2255 motion until July 7, 2015, which was more than two and a half years after the expiration of the applicable statute of limitations period. Consequently, Willis' petition is untimely under § 2255(f)(1). Willis does not contend he is entitled to the statute of limitations period found in §§ 2255(f)(2) and (3). However, it must be determined whether Willis is entitled to the statute of limitations period of § 2255(f)(4).

### B. Section 2255(f)(4)

Willis asserts he could not have discovered his claims of actual innocence, in the exercise of due diligence, until February 25, 2015, when his attorney informed him that the United States Attorney's Office disclosed the nature of the relationship between AUSA Ippolito and Agent Valoze. (Doc. 1, p. 3.) Willis contends he is entitled to use of

the statute of limitations period found at Section 2255(f)(4). Respondent contends there are no new predicate facts, which were unknown to Willis at the time he pleaded guilty, to warrant the application of § 2255(f)(4)'s statute of limitations period.

The Court assumes, *arguendo*, that Willis' claims trigger § 2255(f)(4)'s statute of limitations period. Nevertheless, the only claim of the several Willis lists as providing him relief under the larger rubric of "ineffective assistance" based on disclosure of Ippolito's and Valoze's relationship is his claim that evidence of this relationship is Brady material entitling him to relief.[3] However, for the reasons set forth below, Willis is not entitled to his requested relief.

## II. Ineffective Assistance of Counsel Claims

A sentence-appeal waiver will not bar certain Sixth Amendment ineffective assistance of counsel claims from being considered pursuant to Section 2255. When a petitioner alleges an ineffective assistance of counsel claim that challenges the validity or voluntariness of the plea or waiver itself, such as a claim that counsel coerced or misadvised petitioner prior to entry of the plea, then the sentence-appeal waiver will not bar a court from hearing the merits of the claim. See Baird v. United States, 445 F. App'x 252, 254 (11th Cir. 2011) (noting that despite a sentence-appeal waiver, collateral attack through an ineffective assistance claim is permitted when "the movant challenges the knowing and voluntary nature of the plea"); see also Patel v. United States, 252 F. App'x 970, 971, 974–75 (11th Cir. 2007) (finding that the district court erred in dismissing, based on a sentence-appeal waiver, petitioner's claim that counsel

---

[3] Any facts relating to Willis' claims of entrapment were known to Willis well before the disclosure of Ippolito's and Valoze's improper relationship in February 2015 and would not entitle Willis to use the statute of limitations period found at Section 2255(f)(4).

5

misadvised him prior to pleading guilty); Cowart v. United States, 139 F. App'x 206, 207–08 (11th Cir. 2005) (holding that a sentence-appeal waiver that only expressly limits a petitioner from collaterally challenging his "sentence" does not bar an ineffective assistance claim that challenges the validity of his plea or the sentence-appeal waiver itself). Therefore, despite the presence of a sentence-appeal waiver in Willis' plea agreement, the Court must address the merits of a Section 2255 movant's claim of ineffective assistance if it challenges the validity of the plea or waiver. Id.; see also Soto v. United States, No. 3:08-CR-204-J-34MCR, 2014 WL 2993800, at *3 (M.D. Fla. July 3, 2014).

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685–86. The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293

(11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312-13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). "In evaluating performance, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" LeCroy, 739 F.3d at 1312 (quoting Strickland, 466 U.S. at 690). "If a petitioner cannot satisfy one prong, we need not review the other prong." Duhart v. United States, 556 F. App'x 897, 898 (11th Cir. 2014). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.

The Eleventh Circuit has explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). During the change of plea, or Rule 11, hearing, Judge Wood discussed with Willis whether he understood the case against him, that he was waiving certain rights if she accepted his guilty plea, and that he was freely and voluntarily pleading guilty. Tr., United States v. Willis, 2:09-cr-61 (S.D. Ga. Aug. 10, 2015), ECF No. 149, pp. 2-3, 7-9. Willis informed

AO 72A
(Rev. 8/82)

Judge Wood that no one had made him plead guilty. Id. at p. 3. After having him sworn in, Judge Wood explained the differences between pleading guilty and pleading not guilty, and Willis testified he understood the differences. Id. at p. 7. Judge Wood explained to Willis what the Government would have to prove, beyond a reasonable doubt, to obtain a conviction and the maximum penalty she could impose against him. Id. at pp. 15–17. Willis' plea agreement contained an appeal waiver provision, which the AUSA summarized and Judge Wood also summarized, and Willis expressed his understanding of this provision. Id. at p. 21. Judge Wood determined Willis' guilty plea was knowing and voluntary, and she approved the plea agreement. Id. at p. 23. Special Agent Toby Taylor with the Bureau of Alcohol, Tobacco, Firearms and Explosives was called to provide the factual basis for Willis' plea agreement. Agent Taylor testified that Willis came into the store from which the undercover operation was being conducted from January 28 to April 20, 2010, on "at least twenty different occasions[ ]" to sell firearms to the undercover agents, despite not having a license to sell firearms. Id. at p. 25. Agent Taylor also testified that Willis had previously been convicted of a felony and had sold cocaine to an undercover agent and that the storefront was set up within 1,000 feet of Heritage Christian Academy. Id. at p. 26. Willis did not dispute Agent Taylor's testimony. Id. at p. 27.

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). "However, a defendant's guilty plea is not knowing and voluntary if he pled guilty on the advice of counsel and that counsel rendered ineffective assistance

because his advice was outside of the range of competence demanded of attorneys in criminal cases." United States v. Munguia-Ramirez, 267 F. App'x 894, 897 (11th Cir. 2008) (internal citation omitted).

A defendant must live with what he has told a court under oath. A defendant's sworn testimony to the trial judge in open court is presumed to be truthful. In the context of a plea hearing, the United States Supreme Court has stated that "the representations of the defendant . . . at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). The defendant's representations are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. Id.

The fact of the relationship between Ippolito and Valoze represents only impeachment information and "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." United States v. Ruiz, 536 U.S. 622, 629 (2002) (emphases in original). By pleading guilty, a defendant waives the right to a fair trial and the concomitant right to exculpatory impeachment material. See id. While such information may have made Willis "more aware . . . of the likely consequences of a plea, waiver, or decision, . . . the Constitution does not require the prosecutor to share all useful information with the defendant." Id. All that the law requires for a knowing, intelligent, and sufficiently aware waiver of a right to a fair trial by way of guilty plea is that "the defendant fully understand[ ] the nature of the right and how it would likely apply *in*

AO 72A
(Rev. 8/82)

*general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." Id. (emphases in original).

Further, even assuming *arguendo* that the Government's failure to disclose impeachment material in this instance is cause for constitutional concern,[4] Willis not only swore to the facts underlying the offenses to which he pleaded guilty, but he also swore to the accuracy of Agent Taylor's account of the events underlying the offenses to which he pleaded guilty. Tr., United States v. Willis, 2:09-cr-61 (S.D. Ga. Aug. 10, 2015), ECF No. 149. "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." United States v. Stizer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (citing United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975)); see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). In light of the ample warnings from the Court during the plea colloquy regarding the consequences of pleading guilty and admitting the facts alleged in the indictment, it is exceedingly unlikely that disclosure of impeachment material satisfies the heavy burden of asserting that Willis' statements made during that colloquy were false. Cf. United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986) (concluding that, after entering a guilty plea, "any subjective belief" that the petitioner "would later be permitted to withdraw his plea and replead to a lesser charge was unjustified"). Therefore, the fact that the Government did not disclose impeachment material prior to Willis' guilty plea does not entitle him to relief.

---

[4] In Ruiz, Justice Thomas read the majority as "suggest[ing] that the constitutional analysis turns in some part on the 'degree of help' such information would provide to the defendant at the plea stage." Ruiz, 536 U.S. at 633 (Thomas, J., concurring).

In addition, the fact that Willis' attorney did not use evidence of this impeachment material prior to the entry of the guilty plea does not state a cognizable claim of ineffective assistance of counsel. There is no evidence before the Court that Willis' attorney was aware of this impeachment material prior to Willis' guilty plea or otherwise withheld this information after he learned of its existence. Accordingly, Willis is not entitled to his requested relief under the guise of an ineffective assistance of counsel claim.

### III. Rule 60(b) Motion

Willis also moves for relief pursuant to Rule 60(b)(3). "Under Rule 60(b), the prisoner must prove 'extraordinary circumstances' justifying the reopening of a final judgment." Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260 (11th Cir. 2013) (internal citation omitted). "[E]xtraordinary circumstances that warrant the reopening of a judgment will rarely occur in the habeas context[.]" Id. (internal citation and punctuation omitted). The Eleventh Circuit has "held that '[s]omething more than a 'mere' change in the law is necessary . . . to provide the grounds for Rule 60(b)(6) relief." Mock v. Bell Helicopter Textron, Inc., 373 F. App'x 989, 991 (11th Cir. 2010) (quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)). A Rule 60(b)(6) movant "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief . . . Even then, whether to grant the requested [Rule 60(b)] relief is . . . a matter for the district court's sound discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (alteration in original) (internal citation omitted). In addition, Rule 60(b)(3) provides that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party.

11

However, the Eleventh Circuit repeatedly has "held that Rule 60(b) does not provide for relief from a judgment in a criminal case." United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) (quoting cases). Accordingly, Willis is not entitled to relief pursuant to Rule 60(b)(3).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Willis' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**. It is also my **RECOMMENDATION** that Willis' Rule 60(b)(3) Motion be **DENIED**. Willis' Motion for Appointment of Counsel, (doc. no. 3), is **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of February, 2016.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)