# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LOYD ANTHONY WILLIS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:15-cv-93 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 2:10-cr-61) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court are Loyd Willis' ("Willis") Motion for Reconsideration and Motion for Leave to Appeal *in Forma Pauperis*. Dkt. Nos. 18, 22. For the reasons which follow, the Court **DISMISSES as moot** Willis' Motion for Reconsideration and **DENIES** Willis' Motion for Leave to Appeal *in Forma Pauperis*. Additionally, the Court **DENIES** Willis a Certificate of Appealability.

## BACKGROUND

Willis was convicted in this Court, after entry of a guilty plea, of: unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and distribution of controlled substances within 1,000 feet of a school zone, in

violation of 21 U.S.C. §§ 841(1)(1) and 860. J., United States v. Willis, 2:10-cr-61 (S.D. Ga. Nov. 29, 2011), ECF No. 130. The Court sentenced Willis to 188 months' imprisonment, which was comprised of concurrent terms of 60 months on the unlicensed dealing count, 120 months on the felon-in-possession count, and 188 months on the distribution count. Id. Willis did not file a direct appeal.

Willis filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on July 20, 2015, following the United States Attorney's disclosure of the existence of an improper relationship between the Assistant United States Attorney and case agent who prosecuted Willis' criminal case. Dkt. No. 1. Willis asserted this improper relationship undermined the confidence in the outcome of the criminal proceedings against him. Willis alleged he did not enter into his plea knowingly and intelligently and that his counsel was grossly negligent for not challenging his sentence. Dkt. No. 12, pp. 2-3 (citing Dkt. No. 1, pp. 3, 6). United States Magistrate Judge James E. Graham issued a Report recommending that Willis' Section 2255 Motion be denied, because Willis' Motion was untimely and he failed to establish his attorney rendered ineffective assistance causing Willis' plea to have been entered into involuntarily and unintelligently. Id. at pp. 3-11.

2

Willis also filed a Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(3). Dkt. No. 2. In the same Report, the Magistrate Judge recommended the denial of Willis' Rule 60(b)(3) Motion because this Rule does not provide for relief from a judgment in a criminal case. Dkt. No, 12, pp. 11-12.

Willis filed Objections to the Report and Recommendation. Dkt. No. 14. The Court overruled Willis' Objections and adopted the Report and Recommendation as the opinion of the Court on March 25, 2016. Dkt. No. 16. The Court entered judgment on March 29, 2016. Dkt. No. 17. On June 13, 2016, Willis filed his Motion for Reconsideration. Dkt. No. 18. Willis filed a Motion for Leave to Appeal *in Forma Pauperis* on July 18, 2016. Dkt. No. 22.

**DISCUSSION**

**I. Motion for Reconsideration**

Willis entitled this Motion as "Motion for Re-consideration Based on Evidence not Considered" and as a "Motion to Modify/Reduce Sentence Under 18 U.S.C. § [3]582(c)(2)", and it was docketed in this case as a Motion for Reconsideration of the Court's March 25, 2016, Order. However, this Motion also was

AO 72A
(Rev. 8/82)

correctly filed in Willis' criminal case as a motion to reduce sentence.[1] Mot., United States v. Willis, 2:10-cr-61 (S.D. Ga. June 13, 2016), ECF No. 167. The Court denied Willis' motion to reduce sentence and found Willis "is not eligible for a sentence reduction pursuant to Amendment 782[ ]" of the United States Sentencing Guidelines. Order, United States v. Willis, (S.D. Ga. July 7, 2016), ECF No. 170. Because the Court has already issued a ruling on Willis' "Motion for Reconsideration" after this pleading was filed as a motion to reduce his sentence in his criminal case, the Court **DISMISSES as moot** Willis' Motion filed in his Section 2255 proceedings.

## II. Motion for Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the

---

[1] Willis' Motion was also filed in his criminal case as a motion for reconsideration of the Court's March 25, 2016, Order denying relief pursuant to Section 2255. However, these motions are identical. Mot., United States v. Willis, 2:10-cr-61 (S.D. Ga. June 13, 2016), ECF No. 165.

4

legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. While Willis did not move for the issuance of a Certificate of Appealability, pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed"). A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S.

322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the analysis of Willis' pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court **DENIES** the issuance of a Certificate of Appealability. Willis is advised that he "may not appeal th[is] denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

6

Thus, the Court likewise **DENIES** Willis' Motion for Leave to Appeal *in forma pauperis*.

### CONCLUSION

For the above-stated reasons, the Court **DISMISSES as moot** Willis' Motion for Reconsideration and **DENIES** Willis' Motion for Leave to Appeal *in Forma Pauperis*. Additionally, the Court **DENIES** Willis a Certificate of Appealability.

**SO ORDERED**, this 24 day of February, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)